# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| TONG NGUYEN AS NEXT FRIEND TO RALPH MADDISON, AN INCAPACITATED ADULT, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. |
| GENERAL MOTORS, LLC, | § § § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES JUDGE OF SAID COURT:**

COMES NOW, TONG NGUYEN AS NEXT FRIEND TO RALPH MADDISON, AN INCAPACITATED ADULT,(hereinafter referred to as "Plaintiffs"), and respectfully file this Original Complaint against GENERAL MOTORS, LLC (hereinafter referred to as "Defendant"), and in support thereof would state and show the following:

### A. Parties

1. Plaintiff, Tong Nguyen, appears in this action as next friend to Ralph Maddison, an incapacitated adult. He resides in and is a citizen of Farmers Branch, Texas.

2. Plaintiff, Ralph Maddison, is the surviving spouse of Berlanta Maddison, deceased. He resides in and is a citizen of Corsicana, Texas.

3. Defendant General Motors LLC is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its registered

agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street Suite 620, Austin, Texas 78701-4234.

## B. Jurisdiction

4. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## C. Facts

5. On or about August 7, 2013, Berlanta Maddison was driving a 2002 Chevrolet Avalanche (VIN#3GNEC13T32G220943), traveling eastbound on SECR 2190, near CR 2220 in Navarro County, Texas. Berlanta Maddison left the roadway for unknown reasons, then struck a fence post and came to rest in the median where the vehicle caught on fire and Mrs. Maddison was unable to exit the vehicle.

6. At the time of the accident, Berlanta Maddison was properly seated and wearing her 3-point seat belt.

7. However, despite being properly restrained, Berlanta Maddison sustained fatal injuries when her vehicle failed to protect her.

## D. Cause(s) of Action As To Defendant General Motors LLC.

8. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

9. The injuries occurred because the vehicle in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable,

accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident like occurred herein.

10. Defendant designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because Defendant knew the following defects:

   a. the vehicle fails to shield the catalytic converter and other heat sources from contact w the ground;
   b. the vehicles fuel, exhaust and emission designs are defective and unreasonably dangerous;
   c. the use of a heat shield, guard or plate would not affect the utility of the vehicle. In fact, the utility would be enhanced;
   d. the vehicle violates principles of crashworthiness.

11. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiffs' damages.

12. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of Berlanta Maddison fatal injuries.

### E.  Damages to Plaintiffs

13. As a result of the acts and/or omissions of the Defendant, Plaintiffs have suffered past and future: loss of care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary value, loss of companionship and society, loss of consortium, and mental anguish as a result of the death of Berlanta Maddison.

14. As a result of the acts and/or omissions of the Defendant, Plaintiff Ralph Maddison, has become obligated to pay reasonable and necessary funeral and burial expenses as a result of the fatal injuries to Berlanta Maddison.

15. The above and foregoing acts and/or omissions of the Defendant, resulting in the fatal injuries to Berlanta Maddison, have caused actual damages to Plaintiffs in excess the minimum jurisdictional limits of this Court.

### F. Prayer

16. For the reasons presented herein, Plaintiffs pray that the Defendant be cited to appear and answer, and that upon a final trial of this cause, Plaintiffs recover judgment against Defendant for:

   a. economic and non-economic damages;
   b. prejudgment and post-judgment interest beginning August 7, 2013;
   c. costs of suit; and
   d. all other relief the Court deems proper.

Respectfully submitted,

**The TRACY firm**

 s/E. Todd Tracy
E. Todd Tracy (Lead Counsel)
State Bar No. 20178650
etoddtracy@vehiclesafetyfirm.com
Stewart Matthews
State Bar No. 24039042
smatthews@vehiclesafetyfirm.com
Andrew G. Counts
State Bar No. 24036408
ACounts@vehiclesafetyfirm.com
5473 Blair Road, Suite 200
Dallas, TX  75231
(214) 324-9000 Phone
(972) 387-2205 Fax

**ATTORNEYS FOR PLAINTIFFS**